UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>     v.<br><br>SAMUEL NEVAREZ-AYON, *et. al.*,<br><br>            Defendants. | Case No. 4:12-cr-00020-BLW<br><br>**PRETRIAL ORDER** |

On **November 28, 2012**, the Court held a pretrial conference. Based upon the discussions at that conference, the Court understands that two defendants, Ana Rosa Valdez-Ceja and Rafael Ignacio Guerrero, will proceed to trial in this matter.

There was some indication during the pretrial conference that Mr. Guerrero wants to dismiss his appointed counsel, Matt Kinghorn, and retain private counsel to represent him at trial. Obviously, Mr. Guerrero has to right to retain private counsel. However, the Court wants to make clear that retaining a new attorney at this point will not result in a continuance of the trial date.

Mr. Guerrero was indicted in this case on April 24, 2012. He was appointed counsel and arraigned about a month later. The trial was then continued twice at the

**PRETRIAL ORDER - 1**

request of Mr. Guerrero's co-defendants. Mr. Guerrero then moved for another continuance, which the Court denied. Mr. Kinghorn asked the Court to reconsider that decision. He explained that up until about a week before the pretrial date, he had not discussed the case with Mr. Guerrero because Guerrero had indicated he would hire Todd Leventhal, a private attorney from Las Vegas, Nevada, to represent him. Mr. Kinghorn made several attempts to have the issue of Guerrero's representation resolved with Mr. Leventhal, but to no avail. Finally, Mr. Guerrero advised Mr. Kinghorn that he wanted Mr. Kinghorn to represent him at trial because Mr. Leventhal was unavailable. *Kinghorn Aff.*, p. 3, Dkt. 201-1. Under these circumstances, the Court reconsidered its decision and continued the trial for a third time to provide Mr. Kinghorn time to prepare for trial.

The Speedy Trial Act limits pre-indictment delay by requiring "[a]ny information or indictment charging an individual with the commission of an offense [to] be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). The Act also limits pretrial delay by requiring "the trial of a defendant charged [to] commence within seventy days from the filing date ... of the information or indictment," or from the date of first appearance in court, "whichever date last occurs." 18 U.S.C. § 3161(c)(1). If the time limitations of the Act are not satisfied, the charges must be dismissed. 18 U.S.C. § 3162(a).

Certain enumerated types of delays are "excluded in computing the time within which an information or an indictment must be filed, or in computing the time within

which the trial of any such offense must commence." 18 U.S.C. § 3161(h). Specifically, Section 3161(h)(7) excludes "[a]ny period of delay resulting from a continuance granted by any judge ... at the request of the defendant or his counsel ... if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

The Ninth Circuit has recognized that the discretion granted to the trial court to invoke the "ends of justice" exception is narrow. *United States v. Perez-Reveles*, 715 F.2d 1348, 1351 (9th Cir.1983) ("Realizing that broad discretion would undermine the mandatory time limits of the Act, Congress intended that the ends of justice continuance be rarely used.") (internal quotations omitted). Moreover, the Ninth Circuit has interpreted Section 3161(h)(7) to impose two explicit limitations on a district court's discretion to order continuances to the trial date. *See id.* at 1350.

First, to ensure that the continuance provision only be invoked for reasons that would meet the ends of justice, the district court must consider the four factors enumerated in Section 3161(h)(7)(B) before a continuance can be granted. *Id*. at 1351. Second, the court's discretion to grant a continuance pursuant to Section 3161(h)(7) is qualified by the limitation that the court set forth its reasons for finding that the ends of justice served by the granting of the continuance outweigh the best interests of the public and the defendant in a speedy trial. *Id*.

The Court does not believe that the ends of justice would require an additional

**PRETRIAL ORDER - 3**

continuance in this case based solely upon Mr. Guerrero's decision to retain Mr. Leventhal less than two weeks before trial. Importantly, the Court has been down this road before. The unresolved issue of Mr. Leventhal representing Mr. Guerrero has already forced the Court to grant a continuance on the eve of the last scheduled trial date. Moreover, Mr. Guerrero has not indicated that there has been any breakdown in the relationship with Mr. Kinghorn, and this Court's significant experience with Mr. Kinghorn is that he is an exceptional attorney who is quite capable of giving Mr. Guerrero the best representation possible.

A defendant has a right to counsel, but that right does not mean the defendant may continually delay his trial by discharging prior counsel on the eve of trial. The public has a right to a speedy trial as well. 18 U.S.C. § 3161(h)(7)(A). A defendant's Sixth Amendment right to select his own counsel does not permit arbitrary action that impedes orderly procedure in the courts. It is a right to be exercised at an appropriate stage within the procedural framework of the criminal justice system of which it is a part. Accordingly, the Court wants to make clear that if Mr. Guerrero retains Mr. Leventhal at this point, the Court is not inclined to grant a continuance of the trial date based solely upon the substitution of counsel.

As to the practicalities of the trial, and in order to promote the efficient administration of this matter, the Court enters the following Order based upon the discussions during the pretrial conference.

**NOW THEREFORE IT IS HEREBY ORDERED** that the following deadlines

**PRETRIAL ORDER - 4**

and procedures shall govern the trial in this matter:

1.    Trial Date: Trial shall commence on **December 10, 2012**, at 1:30 p.m. in the Federal Courthouse in Pocatello, Idaho. We will proceed from 1:30 p.m. to 5:00 p.m. on the first day. Beginning on day two, trial shall begin at 8:30 a.m. and end at 2:30 p.m., with two fifteen minute breaks. There will be no trial on **Friday, December 14, 2012**. Trial will resume on **Monday, December 17, 2012** if necessary.

2.    Witness Lists, Exhibit Lists, Exhibits, Proposed Voir Dire, Proposed Jury Instructions, and Trial Briefs shall be filed on or before **December 5, 2012**.

3.    Voir Dire: The Court will generally control voir dire, and counsel will be limited in their questions. Counsel are cautioned not to repeat questions already asked by the Court or other counsel and are advised that the Court will not permit voir dire which appears intended to influence the jury rather than explore appropriate concerns with a juror's ability to be fair and impartial.

4.    Counsel shall exercise good faith in attempting to reach stipulations on undisputed facts and admission of exhibits.

5.    During trial, the jury will be in the box hearing testimony the entire trial day between 8:30 a.m. and 2:30 p.m., except for two standard fifteen minute morning and afternoon recesses.

6.    During the time the jury is in the jury box, no argument, beyond one

**PRETRIAL ORDER - 5**

sentence evidentiary objections, shall be allowed to interrupt the flow of testimony. Almost all objections should be stated in one to three words ("hearsay", "asked & answered", "irrelevant", etc.). If counsel have matters that need to be resolved outside the presence of the jury, they are to advise the Court and counsel prior to the issue arising during trial so that it can be heard during a recess, or before or after the jury convenes. Where the need for such a hearing cannot be anticipated, the Court will direct the examining counsel to avoid the objectionable subject and continue on a different line of questioning so that the objection can be argued and resolved at the next recess. To avoid late-night sessions, counsel are advised to bring up all anticipated evidentiary questions in their pretrial briefs.

7.      Counsel shall have enough witnesses ready to ensure a full day of testimony. If witnesses are unavoidable delayed, counsel shall promptly notify the court and opposing counsel.

8.      When counsel announce the name of a witness called to testify, the Court or the clerk will summon the witness forward to be sworn, the clerk will administer the oath and, after the witness is seated, ask the witness to state her or his name and spell her or his last name for the record. I will then indicate to counsel that she or he may inquire of the witness.

9.      Counsel are directed not to lay a foundation for a witness's expertise and then "tender" the witness to the Court as an expert. Rather, the appropriate

**PRETRIAL ORDER - 6**

foundation for the witness's expertise should be laid, and then questions should be put to the witness seeking their opinion. If opposing counsel feels that the foundation is inadequate they may object and the Court will rule. The process of "tendering" the witness as an expert and having the Court accept that tender suggests that the witness has the Court's imprimatur. As such, it is an improper form of bolstering.

10.    Please do not address parties or witnesses (including your own) by her or his first name unless such familiarity is clearly appropriate, and is not likely to be offensive to the witness or any juror. In case of doubt, don't.

11.    Your clients and your witnesses should be instructed that they should always refer to you and opposing counsel by last names.

12.    You are responsible to advise your clients, your witnesses and everyone associated with your client to avoid all contact with the jurors. This prohibition includes seemingly innocuous behavior like riding on an elevator with a juror, saying hello to a juror, or even acknowledging the juror's presence.

13.    The Court tries to conduct at least 2 or 3 informal jury instruction conferences off the record to try and resolve most differences by agreement. Those sessions will be held at the end of the trial day and may stretch into the evening. At the end of those sessions, we will have refined the issues of contention so that the Court can give you a set of my final instructions and

**PRETRIAL ORDER - 7**

you can state your objections on the record.



DATED:  **November 29, 2012**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**PRETRIAL ORDER - 8**